JS-3

# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  CR 13-00537-1 |
| **Defendant**  LEONEL ALFREDO LAREDO | Social Security No.  1  6  3  5 |
| akas: Gang Names: Leo; W; Wizard; Brother-in-Law; Wiz | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 02 | 22 | 2016 |

**COUNSEL**   DAVID R. REED, APPOINTED
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Racketeer Influenced and Corrupt Organizations Conspiracy in violation of 18 U.S.C. § 1962(d), as charged in Count 1 and Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Marijuana, Heroin, and Cocaine in violation of 21 U.S.C. § 846, as charged in Count 4 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Leonel Alfredo Laredo, is hereby committed on counts one and four of the indictment to the custody of the Bureau of Prisons for a term of 144 months. This term consists of 144 months on each of counts one and four of the indictment, to be served concurrently.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of three years on count one and five years on count four of the indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment

Case 2:13-cr-00537-BRO   Document 908   Filed 02/22/16   Page 2 of 16   Page ID #:4968

USA vs.   LEONEL ALFREDO LAREDO                                Docket No.:   CR 1300537 BRO – 1

and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the defendant's drug dependency to the aftercare contractors during the period of community supervision, subject to an ability to pay, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7. The defendant shall not associate with anyone known to him to be a F13 or Mexican Mafia gang members and others known to him to be participants in the F13 or Mexican Mafia gang's criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the F13 or Mexican Mafia gangs, and may not display any signs or gestures that defendant knows evidence affiliation with the  F13 or Mexican Mafia gangs.

8. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the F13 or Mexican Mafia gangs meet or assemble.

9. The defendant shall cooperate in the collection of a DNA sample from the defendant.

| | | | |
|---|---|---|---|
| USA vs. | LEONEL ALFREDO LAREDO | Docket No.: | CR 1300537 BRO – 1 |

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court recommends that the defendant be designated in a Bureau of Prison facility in La Tuna, Texas. If not designated to the Texas facility, the Court recommends that defendant be housed somewhere in Southern California.

The Court recommends that the Bureau of Prisons calculate the sentence date in this matter to start no later than 3/24/2015.

The Court attaches the documents at the request of defense counsel which demonstrate when Mr. Laredo commenced his sentence.

The Court recommends to the Bureau of Prisons: that defendant be designated to a BOP facility that offers the 500-hour Residential Drug Abuse Program (RDAP)

Defendant informed that he has waived his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| February 22, 2016 | |
| Date | U. S. District Judge BEVERLY REID O'CONNELL |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| February 22, 2016 | By | Renee A. Fisher |
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. | LEONEL ALFREDO LAREDO | Docket No.: | CR 1300537 BRO – 1 |
|---|---|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

Case 2:13-cr-00537-BRO   Document 908   Filed 02/22/16   Page 5 of 16   Page ID #:4971

USA vs.   LEONEL ALFREDO LAREDO                    Docket No.:   CR 1300537 BRO – 1

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

| USA vs. | LEONEL ALFREDO LAREDO | Docket No.: | CR 1300537 BRO – 1 |
|---|---|---|---|

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date | Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date | Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)
Defendant | Date

U. S. Probation Officer/Designated Witness | Date

## DECLARATION OF LEONEL LAREDO

I, Leonel Laredo, declare as follows:

1. All of the facts stated herein are known to me of my own personal knowledge and if called and sworn as a witness, I would and could competently testify to the truthfulness thereto, except as to those matters which may be stated upon my own information and belief, and as to those matters, I believe them to be true.

2. I am the defendant in the above entitled matter. I was arrested on September 13, 2000 for the felony offenses I had committed earlier that year. I have been in continuous custody since September 13, 2000. I was sentenced to 16 years in state prison on March 1, 2001. My first approximate two years in state prison were spent at Calipatria, then Corcoran State Prisons. I was in the general population for most of those two years.

3. On or about November of 2002, the California Department of Corrections ("CDC") "validated" me as an associate of a prison gang and I was sent to Pelican Bay State Prison and placed in the Security Housing Unit (the "SHU.") When an inmate is placed in the SHU he is in solitary confinement for over 22 hours a day. I continuously remained in the SHU at Pelican Bay since my transfer to the facility in 2002 until I was transferred to federal custody and arraigned/detained before the court on September 12, 2013. I spent my first few months in federal custody at San Bernardino Detention Center "CDC" in their SHU, then was transferred to West Valley SHU where I spent a few months, then to MDC Shu where I spent about 6 months. After months of being transferred from one SHU to the next, I was transferred back to the CDC SHU where I spent about a year. While in federal custody I have always been in a SHU until July 28, 2015. The SHUs in federal custody were harder time for me than when I was in the SHU at Pelican Bay. I had my routine at Pelican Bay where I worked, had friends, was given good medical attention for my medical conditions, I had my own possessions which I could not have in federal custody and I even had a small televison in my cell at Pelican Bay. While in federal custody in the SHUs, I have not been able to have many of the things I possessed in my cell at Pelican Bay. As the Court may recall, it was while I was in the SHU at CDC for over a

1  year that I didn't receive the items I requested through my ex parte application filed in early
2  2015. After hearings in the court, I was eventually transferred back to MDC on or about
3  July 28, 2015 and was placed in the general population for the first time in 12 years, living
4  on the floor, 7-North. I enjoy working while in custody. I worked at Pelican Bay and I
5  work at MDC as painter. I have always tried to advance my education and have taken
6  many courses while in custody. I even have my AA degree in business.

7      4. While I was at Pelican Bay from 2002 until 2010, I received good time credits
8  based on being categorized as an associate of a gang housed in a SHU, which was 15% off
9  my total sentence. I came up for review with prison staff regarding my progress in the
10  SHU several times at Pelican Bay before 2010 and always had what the CDC calls an
11  Expected Parole Release Date, "EPRD." In my case it was April 25, 2014. That EPRD
12  was cancelled upon the implementation of Penal Code Section 2933.3 on January 25, 2010.
13  The new penal code provision was a topic of major concern to all of us prisoners in the
14  SHU at Pelican Bay and their families. Many prisoners whose families could afford to do
15  so hired lawyers to fight this new law. I was not able to hire an attorney. From 2010 on,
16  my EPRD was cancelled and I did not receive any good time credit from the State of
17  California as a result of Penal Code Section 2933.3 because I was designated as a prisoner
18  at the Pelican Bay SHU. Other than having my mail and visiting privileges suspended for
19  several months at Pelican Bay for conduct related to this federal case I did not commit any
20  form of prison misconduct, such as disobeying commands, fighting, arguing, contraband,
21  or disrespect, actions that would be considered prison misconduct to cause good time to be
22  taken away. I also have not misbehaved while in federal custody as this case has proceeded.
23  ///
24  ///
25  ///
26  ///
27  ///
28

1      5) I would respectfully ask the Court to commence my sentence from September 13,
2  2013 and place in the Judgment and Commitment Order language that would clarify to the
3  BOP why the sentence should commence from that date.
4      Executed under penalty of perjury on January 27, 2016 in the City of Los Angeles,
5  California.

*/s/ Leonel Laredo*

Leonel Laredo

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

vs.

Leonel Laredo
Defendant.

Western Division

Case Number: 2:13-CR-00537-GAF-1    Indictment
Initial App. Date: 09/12/2013    Custody
Initial App. Time: 2:00 PM
Date Filed: 08/01/2013
Violation: 18:1962(d); 21:846
CourtSmart: _Rosalyn Adams_
_Court Reporter_

**PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Patrick J. Walsh**

**CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE**

PRESENT: Anglon-Reed, Celia (Deputy Clerk)    _Jonathan Alexander_ (Assistant U.S. Attorney)    None (Interpreter/Language)

- [ ] INITIAL APPEARANCE NOT HELD - CONTINUED
- [✓] Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and [✓] preliminary hearing OR [ ] removal hearing / Rule 20.
- [✓] Defendant states true name [✓] is as charged [ ] is _____
- [ ] Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.
- [✓] Defendant advised of consequences of false statement in financial affidavit. [ ] Financial Affidavit ordered SEALED.
- [✓] Attorney: Jerome Haig, Panel [✓] Appointed [ ] Prev. Appointed [ ] Poss. Contribution (see separate order)
- [✓] Special appearance by: _____
- [✓] Government's request for detention is: [✓] GRANTED [ ] DENIED [ ] WITHDRAWN [ ] CONTINUED
- [✓] Defendant is ordered: [✓] Permanently Detained [ ] Temporarily Detained (see separate order).
- [ ] BAIL FIXED AT $_____ (SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)
- [ ] Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: [ ] GRANTED [ ] DENIED
- [ ] Preliminary Hearing waived.
- [ ] Class B Misdemeanor [ ] Defendant is advised of maximum penalties
- [ ] This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.
- [ ] PO/PSA WARRANT [ ] Counsel are directed to contact the clerk for District Judge _____ for the setting of further proceedings.
- [ ] Preliminary Hearing set for _____ at 4:30 PM _____
- [ ] PIA set for: _____ at 1:00PM in LA; at 9:30 AM in Riverside; at 10:00 AM in Santa Ana
- [ ] Government's motion to dismiss case/defendant _____ only: [ ] GRANTED [ ] DENIED
- [ ] Defendant's motion to dismiss for lack of probable cause: [ ] GRANTED [ ] DENIED
- [ ] Defendant executed Waiver of Rights. [ ] Process received.
- [ ] Court ORDERS defendant Held to Answer to _____ District of _____
  - [ ] Bond to transfer, if bail is posted. Defendant to report on or before _____
  - [ ] Warrant of removal and final commitment to issue. Date issued: _____ By CRD: _____
  - [ ] Warrant of removal and final commitment are ordered stayed until _____
- [ ] Case continued to (Date) _____ (Time) _____ AM / PM
  Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
- [ ] Proceedings will be held in the [ ] Duty Courtroom _____ [ ] Judge's Courtroom _____
- [✓] Defendant committed to the custody of the U.S. Marshal [ ] Summons: Defendant ordered to report to USM for processing.
- [ ] Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.
- [ ] Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.
- [ ] RELEASE ORDER NO.: _____
- [✓] Other: ~~Defender reassigned~~, Case assigned to Judge Feess.

[✓] PSA  [ ] USPO    [✓] FINANCIAL    [✓] READY
Deputy Clerk Initials _CA_
: 10

M-5 (09/12)    CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE    Page 1 of 1



A

| STATE OF CALIFORNIA | | | | | | | DEPARTMENT OF CORRECTIONS & REHABILITATION |
|---|---|---|---|---|---|---|---|
| | | | | | | | CDC 128G (Rev. 07/05) |

| CDC #: | J-81213 | Name: | LAREDO, LEONEL | | | Housing: | D1-121U |
|---|---|---|---|---|---|---|---|
| Custody: | MAX | CS: | 93-IV | WG/PG: | D1/D EFF 01/29/03 | Assignment: | SHU INDET |
| Parole Date: | EPRD 04/25/14 | | | Reclass: | 04/07 | Action: | REFER TO CSR FOR ANNUAL RE-ENDORSEMENT SHU INDET STATUS, RECOMMENDING PBSP SHU, CASE-BY-CASE REVIEW FOR VIOLENCE EXCLUSION |

Inmate LAREDO appeared before PBSP FAC-D ICC on this date for Annual/114D Review. No staff assistant was assigned as S is not illiterate, speaks English, can comprehend the issues, and is free of mental health services needs. An investigative employee was not required. Prior to Committee, S was issued an updated copy of his CDC 114D dated 10/05/06 and the CDC 812A, Notice of Critical Case Information-Prison gang Identification, updated by IGI on 9/28/06. Committee notes a CDC 128B2 dated 01/21/03 citing 8 documents that meet prison gang validation requirements. S is affiliated with a prison gang that is known to be involved in criminal activities which threaten the safety of others and institution security, and requires continued segregation from the GP. S was informed that the Departmentally recognized avenues for release from SHU are through the debriefing process or through being determined to be an inactive prison gang member or associate as delineated in CCR, Title 15, sections 3378(e) and 3341.5(c)(4) and (5). S does not meet criteria for inactive status as outlined in CCR, Title 15, section 3378(e). S will be eligible for Inactive Review in 11/2008. Committee acts to retain SHU INDET and refer to CSR with recommendation for PBSP SHU based on his validation as an active associate of the Mexican Mafia prison gang.
Case by Case Review for Violence: In reviewing this case, ICC notes the following: S received a conviction for Carjacking with a Weapon on 03/15/01. Circumstances: Ramon Leon, while on duty as a taxi cab driver, was approached by Laredo, and entered the taxi cab. Laredo pointed a small black pistol at Leon's head demanding money and jewelry. After giving Laredo what he had, Leon was told to exit the taxi cab without injury. Rational or intent: The intent of the crime was robbery with the weapon being used to intimidate the victim. History of similar acts: A disciplinary Review reveals no Division-A Disposition during this or the previous term. On this date, ICC has conducted a case-by-case review for violence, and based upon the totality of circumstances, elects to not affix the VIO Administrative determinate; therefore, S shall not be excluded from future Minimum Custody, or MSF placement, based solely upon review of this crime. The prior CSR action dated 01/05/06 noted no concerns. DDP Review; 128C-2 in C-File. S participated in Committee and acknowledged understanding, and disagreed with Committee action stating, "Some of the validation documents used in the validation were inaccurate and need to be removed from my validation package." Committee informed S the validation appears appropriate. S is double celled with Inmate Castellanos, #C-17275. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this noted, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be 04/07 for 180 day Review.

| CHAIRPERSON: C. SCAVETTA/AW | M. FERGUSON/FC(A) | E. DOUGLASS/LCSW | W. BARNTS/CCI | RECORDER: M. PENA/CCII |
|---|---|---|---|---|

☐ OBIS  ☒ CSR  ☐ IGI  ☐ PSYCH  ☒ MED  ☐ OTHER        ☒ 128C-2 in C-File

Committee Date: 10/11/06   BARNTS/dk   Classification   FACILITY D  ICC REVIEW   Inst: PBSP



L005458

B

03/09/2015 12:01 7074659101 PBSP CASE RECORDS PAGE 02/04
MAR. 4. 2015 3:18PM PBSP CASE RECORDS NO. 390 P. 1
02/10/2015 12:01 707465

**STATE OF CALIFORNIA**
**RELEASE PROGRAM STUDY**
CDCR 611 (Rev. 8/12)

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**DIVISION OF ADULT PAROLE OPERATIONS**

DARO
2-9-15

## I. CASE FACTORS

| CDCR NUMBER | NAME (LAST, FIRST, MI) | COUNTY OF COMMITMENT | COUNTY OF LAST LEGAL RESIDENCE |
|---|---|---|---|
| J81213 | LAREDO, Leonel | Los Angeles | Los Angeles |

| | CII #: | PLACEMENT SCORE | RESTITUTION | SCHEDULED RELEASE DATE |
|---|---|---|---|---|
| ☐ NEW FELON  ☒ PV-WNT | A10589107 | 87 | PBSP | 2/22/2015  3-24-15 |

## II. RESIDENCE PLANS

| | ☐ REQUESTS OUT-OF-COUNTY PAROLE/RELEASE | ☐ REQUESTS OUT-OF-STATE PAROLE/RELEASE | ☐ CHANGE OF ADDRESS |
|---|---|---|---|
| PRIMARY RESIDENCE | WITH WHOM: TBD  STREET ADDRESS: | RELATIONSHIP:  CITY: | PHONE NUMBER:  COUNTY (STATE, IF INTERSTATE): |
| ALTERNATE RESIDENCE | WHOM: TBD  STREET ADDRESS: | RELATIONSHIP:  CITY: | PHONE NUMBER:  COUNTY (STATE, IF INTERSTATE): |

## III. SUPERVISION DETERMINATION BY CORRECTIONAL COUNSELOR/PAROLE AGENT

a. Check ALL that apply on the CURRENT TERM:  b. Parole Terms  c. Per PC 290 only  d. Supervision Determination

☒ PC 667.5(c)  ☒ PC 1192.7(c)/1192.8  ☐ PC 3000 extension  STATIC 99R SCORE: ____  ☒ RELEASE TO STATE PAROLE  ☐ RELEASE TO COUNTY SUPERVISION
☐ LIFE SENTENCE  ☐ HRSO Male with score 4 or more, Female with Moderate or High risk  REGION: ☐ I ☐ II ☒ III ☐ IV

| CORRECTIONAL COUNSELOR/PAROLE AGENT NAME (PRINT) | CORRECTIONAL COUNSELOR/PAROLE AGENT SIGNATURE | CONTACT NUMBER AND EXT. | DATE SIGNED |
|---|---|---|---|
| A. SHELDON  CCII | [signature] | 707-465-1000 ext 5152 | 2/9/15 |

## IV. CORRECTIONAL COUNSELOR SUPERVISOR REVIEW AND APPROVAL OF SCREENING DETERMINATION

☒ I HAVE REVIEWED AND APPROVED THE SUPERVISION DETERMINATION  CSRA SCORE: 2  ☐ Meets 3058.9 PC criteria (Check box if CSRA 5, CSRA max risk req., or PC 290)

| CORRECTIONAL COUNSELOR/PAROLE SUPERVISOR NAME (PRINT Last, First) | CORRECTIONAL COUNSELOR/PAROLE SUPERVISOR SIGNATURE (Last, First) | DATE SIGNED |
|---|---|---|
| D. Blythe | [signature] | 02/09/2015 |

## V. COUNTY AGENCY REPORTING INSTRUCTIONS

| COUNTY OFFICE: | | PHONE NUMBER AND EXT. |
|---|---|---|
| ADDRESS: | CITY: | STATE: |
| COUNTY REPRESENTATIVE (Print Last Name, First) | COUNTY REPRESENTATIVE SIGNATURE | DATE SIGNED |

☐ PC 3060.7 NOTED OR ☐ NOT APPLICABLE, REPORT AS FOLLOWS:

## VI. CDCR PAROLE REPORTING INSTRUCTIONS

| ASSIGNED PAROLE UNIT | RE-ENTRY SCREENER'S NAME (PRINT) | RE-ENTRY SCREENER'S SIGNATURE | PHONE NUMBER AND EXT. |
|---|---|---|---|
| MidCity 3 | Tracee Harvey | [signature] 2/10/15 | |
| COUNTY OF RESIDENCE | | STATE: | ☒ CDCR SUPERVISION LEVEL: 2 |

☐ RELEASE WITH FULL FUNDS  ☐ RELEASE WITH $_____ (BALANCE TO PAROLE UNIT)  ☐ Release per PC 3060.7
☒ REPORT TO PAROLE AGENT: D. Hackett  ☐ COMPAS Case Plan Approved
PAROLE OFFICE: MidCity #3   PHONE: 323-298-1600  ☐ Report As Follows (include date and time)

STREET: ____  CITY: ____  STATE: ____

| PAROLE AGENT NAME (PRINT) | BADGE # | DATE SIGNED | SUPERVISOR SIGNATURE | BADGE # | DATE SIGNED |
|---|---|---|---|---|---|
| D. Hackett | 4406 | 3/4/15 | [signature] | 3350 | 3/5/15 |

## VII. INMATE RECEIVED A COPY OF REPORTING INSTRUCTIONS

| CDCR NUMBER | INMATE NAME | INMATE SIGNATURE | DATE SIGNED |
|---|---|---|---|
| STAFF NAME (PRINT Last, First) | BADGE # | STAFF SIGNATURE | DATE SIGNED |

STATE OF CALIFORNIA
RELEASE PROGRAM STUDY
CDCR 611 (Rev. 8/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DIVISION OF ADULT PAROLE OPERATIONS

| CDCR NUMBER | INMATE/PAROLEE NAME | DATE OF STUDY |
|---|---|---|
| J81213 | LAREDO, Leonel | 2/9/15 |

**NOTIFICATION/REGISTRATION/REQUIREMENTS/SPECIAL INTEREST**

NOTIFICATION (Check all that apply)
☒ 3058.8 PC ☐ 3058.61 PC ☐ 3058.65 PC ☐ 3058.8 PC ☐ 3058.9 PC ☐ 11590 PC

SPECIAL INTEREST
☐ PUBLIC INTEREST CASE ☐ SUBSTANCE ABUSE PROGRAM ☒ SECURITY HOUSING UNIT

REGISTRATION
☐ 11590 H&S ☐ 290 PC ☐ 186.30 PC ☐ 457.1 PC
N/A

OTHER REQUIREMENTS
☐ SUBJECT TO 645 PC ☐ SUBJECT TO PC 11177.2 RESTITUTION ☐ SUBJECT TO 3053.2 PC

**HOLD(S)**

ICE HOLDS PLACED: ☐ YES ☒ NO
IF YES, INDICATE US ICE "A" NUMBER

ILLEGAL ALIEN: ☐ ACTUAL ☐ POTENTIAL ☐ PREVIOUSLY DEPORTED

OTHER HOLD(S): ☒ YES ☐ NO
IF YES, INDICATE AGENCY AND HOLD NUMBER: CDCR hold - due to OTC status

FOR CDCR TRACKING PURPOSES ONLY
☐ 2962 PC (MDO) ☐ 6600 W&IC ☐ SVP SCREENING FORM COMPLETED OR (SVP) STATUS:

POTENTIAL:

**EMPLOYMENT PLANS**

PRIMARY SOURCE OF INCOME: TBD
PERSON TO CONTACT:
CONTACT TELEPHONE NUMBER:

SECONDARY SOURCE OF INCOME: TBD
PERSON TO CONTACT:
CONTACT TELEPHONE NUMBER:

**CASEWORKER EVALUATION**

HAS THE INMATE SERVED IN ANY BRANCH OF THE US MILITARY? ☐ YES ☐ NO

LIST WORK SKILLS, GANG AND ENEMY INFORMATION, AND KNOWN FAMILY PROBLEMS:

☐ VOCATIONAL PROGRAM: ☐ PIA: ☐ JOINT VENTURE PROGRAM:

GRADE POINT LEVEL: 9.1

| | NOTED | CLEAR |
|---|---|---|
| 812 | ☒ | ☐ |
| 812A | ☐ | ☐ |
| 812B | ☐ | ☐ |
| 812C | ☒ | ☐ |

Validated EME associate per 128B-2 dated 10/28/08.

**SERIOUS DISCIPLINARIES**

LIST CURRENT CDC 115'S (VIOLATION REPORTS) ONLY (E.G. BATTERY ON STAFF OR INMATE, DISTRIBUTION OF DRUGS, POSS. OF WEAPON, INCITING A DISTURBANCE, ARSON, ETC.)

8/6/13, 10/25/11, 12/13/11, 9/26/07, - Promotion of Gang Activity,

**MEDICAL/PSYCHIATRIC**

| PHYSICAL DISABILITY | DEVELOPMENTAL DISABILITY (DD) | TUBERCULOSIS (TB) SCREENING |
|---|---|---|
| ☒ NO DISABILITY ☐ DPP n/a | ☐ DD NCF | TB CODE 34 DATED 9/6/13 |

Mental Health: Per (Source document): 128 MH-1 DATED: 9/7/13

☒ Is not in the Mental Health Services Delivery System ☐ CCCMS ☐ EOP ☐ MHCB ☐ DEPT. OF STATE HOSPITALS ☐ INVOLUNTARY MEDICATION

LIST SPECIFIC MEDICAL/MENTAL HEALTH, OUTPATIENT CLINIC NEEDS, AND MEDICAL CONCERNS/DISABILITIES:

Per Medical Classification Chrono dated 1/12/15 : Infrequent Basic Consultation, Full Duty, Medium Risk with Low Intensity Nursing.

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS AND REHABILITATION  
NOTICE AND CONDITIONS OF PAROLE  
CDCR 1515 (Rev. 04/14)  
Page 1 of 1

| | |
|---|---|
| YOU ARE BEING RELEASED TO PAROLE SUPERVISION, EFFECTIVE: 3-24-15, 20 15, FOR A MAXIMUM PERIOD OF: UNTIL DISCHARGE | |

YOU ARE SUBJECT TO THE FOLLOWING TERMS AND CONDITIONS OF RELEASE FROM PRISON:

If you violate any of the conditions of your parole or violate any law, you may be subject to arrest and/or incarceration in a county jail or returned to state prison, pursuant to Penal Code (PC) Section 3000.1, or PC Section 3000, subdivision (b), paragraph (4), regardless of whether new charges are filed.

You shall waive extradition to the State of California from any state or territory of the United States, or the District of Columbia. You shall not contest any effort to return you to the State of California.

You, your residence, and any property under your control are subject to search or seizure by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer, at any time of the day or night, with or without a search warrant, with or without cause.

If another jurisdiction has lodged a detainer against you, you may be released to the custody of that jurisdiction. Should you be released from their custody prior to the expiration of your California parole, or should the detainer not be exercised, you are to immediately contact the nearest office of the Department of Corrections and Rehabilitation, Division of Adult Parole Operations, for instructions on reporting to a parole agent.

The procedure for obtaining a Certificate of Rehabilitation is documented in PC Sections 4852.01-4852.21.

## CONDITIONS OF PAROLE

1. **SPECIAL CONDITIONS:** Special conditions of parole may be mandated by law or may be imposed at the discretion of your agent. Special conditions of parole that forbid conduct which is not itself criminal, must reasonably relate to a crime for which you were convicted, or must be reasonably related to deterring future criminality. **You are subject to the following special conditions of parole:**
   1. YOU WILL PARTICIPATE IN ANTI-NARCOTIC TESTING. 2. YOU SHALL NOT CONTACT OR ASSOCIATE WITH ANY PERSON YOU KNOW OR SHOULD HAVE KNOWN TO BE A GANG MEMBER.

Reasons for the imposition of special conditions of parole:
1. HISTORY OF DRUG/ALCOHOL USE AND OR ABUSE. 2. PER CDCR 611 VALIDATED EME ASSOCIATE.

| I ACKNOWLEDGE MY SPECIAL CONDITIONS OF PAROLE Inmate / Parolee Initials: _____ | SIGNATURE OF UNIT SUPERVISOR | DATE SIGNED 3-4-2015 |
|---|---|---|

2. **RELEASE, REPORTING, RESIDENCE AND TRAVEL:** Unless other arrangements are approved in writing, you shall report to your parole agent on the first working day following your release. The name, address, and telephone number of the parole agent responsible for your parole supervision shall be documented on the CDCR Form 611 (Rev. 08/12), Release Program Study, which is incorporated by reference as part of this Notice. You shall inform your supervising parole agent of your residence, employment, education, and/or training. Any change or anticipated change to your residence shall be reported to your parole agent in advance. You shall inform your parole agent within 72 hours of any change to your employment location, employer, or termination of employment.

3. **PAROLE AGENT INSTRUCTIONS AND TRAVEL:** You shall comply with all of the instructions from your parole agent. You shall not travel more than 50 miles from your residence without the prior approval of your parole agent. You shall not be absent from your county of residence for a period of more than 48 hours. You shall not leave the State of California without prior written approval of your parole agent.

4. **CRIMINAL CONDUCT:** You shall not engage in conduct prohibited by law (state, federal, county, or municipal). You shall immediately inform your parole agent if you are arrested for any felony or misdemeanor crime. Be advised, your conduct, if prohibited by law, may result in parole revocation with or without a criminal conviction.

5. **WEAPONS:** You shall not own, use, have access to, or have under your control: (a) any type of firearm, instrument, or device which a reasonable person would believe to be capable of being used as a firearm, or any ammunition which could be used in a firearm; (b) any weapon as defined in state or federal statutes, or any instrument or device which a reasonable person would believe to be capable of being used as a weapon; (c) any knife with a blade longer than two inches, except kitchen knives which must be kept only in the kitchen of your residence, and knives related to your employment, which may be used and carried only in connection with your employment; or (d) a crossbow of any kind.

6. **THIS DOCUMENT SERVES AS YOUR NOTICE AND CONDITIONS OF PAROLE.** You have the right to appeal the special conditions of your parole. Special conditions imposed by the Division of Adult Parole Operations may be appealed pursuant to California Code of Regulations (CCR), Title 15, Sections 3084 - 3085.

I have read, or have had read to me, and I understand the conditions of parole as they apply to me.

| CDC NUMBER | INMATE/PAROLEE NAME (PRINT OR TYPE) | INMATE/PAROLEE SIGNATURE | DATE SIGNED |
|---|---|---|---|
| J81213 | LAREDO, LEONEL | X | |

THIS SECTION TO BE COMPLETED BY CDCR STAFF ONLY  
Does the inmate/parolee have a qualifying disability requiring effective communication? ☒YES ☐NO  If yes, cite the source document and/or observations:

What type of accommodation or assistance was provided to achieve effective communication to the best of the inmate's/parolee's ability?

| STAFF NAME (PRINT OR TYPE) | STAFF SIGNATURE | DATE SIGNED |
|---|---|---|
| | | |

DISTRIBUTION:  COPY TO CENTRAL FILE;  COPY TO INMATE/PAROLEE;  COPY TO PAROLE AGENT OF RECORD;  COPY TO PAROLE UNIT FIELD FILE



# Trial Insider

Opening the Courtroom Door

CIVIL, CRIMINAL, US COURT OF APPEALS

## 'Good-Time' Credits Back For Prison-Gang Members

by Pamela A. MacLean • September 25, 2015 • 0 Comments

A 2010 California prison rule change that eliminated "good-time credits" for suspected prison-gang members held in high security housing units has been declared unconstitutional by a federal appeals court.

The 9th U.S. Circuit Court of Appeals said the rule change eliminating credits for good behavior violated the Ex Post Facto Clause of the Constitution, which prohibits retroactively changing the punishment after the crime was committed.

California encourages good behavior among prisoners by good-conduct credits to reduce sentences, generally one-for-one, meaning one day of good conduct earns a one-day reduction in sentence.

Until 2010, prison gang members held in SecurityHousing Units, (SHU) earned credits at a three-for-one rate, that is three days of good conduct entitled the prisoner to one day reduction in sentence.

In 2010, California lawmakers modified the penal code to eliminate good time credits for inmates held in the SHU, regardless of their conduct.

"Altering a prisoner's ability to earn credits affects the length of his prison term and therefore affects the measure of punishment attached to the original crime," wrote Judge Carlos Bea for the panel.

Antonio Hinojosa pleaded guilty in 2003 to robbery with a firearm and participation in a street gang. He was sentenced to 16 years and by 2009 was transferred to the SHU at Corcoran state prison.

The prisons allow only two ways to end prison-gang affiliation, either going "inactive" in gang activities for six years or by debriefing, often referred to as "snitching" by other inmates. The gang member must provide staff with details about the gang's activities and structure as well as write an autobiography of gang involvement and then be observed for up to a year in the SHU.

By either method, release from the SHU is discretionary.

Hinojosa had been able to earn good time credits from 2003 to 2009 and then at a slower rate while in the SHU until 2010, when he no longer gained credits.

Hinojosa filed a habeas petition challenging the constitutionality of the change. He was rejected in the state court he appealed all the way to the California Supreme Court and was rejected without formal opinions.

He took the claim to the federal court.

Hinojosa's gang-related misconduct occurred after, and is separate from, his other crimes, Bea said. "But in punishing Hinojosa for his imprison gang-related misconduct, the state has effectively increased his prison sentence for his underlying crimes," Bea wrote.

He added the court is not preventing the state from punishing in-prison misconduct, but it cannot use such a statute to retroactively increase prison time.

He was joined by Judges Ferdinand Fernandez and Barry Fisher.

Case: Hinojosa v. Davey, No. 13-56012

Tags:  9th Circuit   ex post facto   prison   prison gangs   solitary confinement

← Seattle $15 Hourly Wage OK

California Lawyer Magazine Closed →

## Leave a Reply

Your email address will not be published. Required fields are marked *

Name *

Email *

Website